Case: 1:26-mj-00068
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 3/30/2026
Description: COMPLAINT W/ARREST WARRANT

**STATEMENT OF FACTS**

On March 20, 2026, at approximately 2:50 p.m. in the area of the 2000 block of 11th Street Northwest in the District of Columbia, Metropolitan Police Department ("MPD") Police Officer Christopher Mendez was in uniform and patrolling in a marked MPD car in the Third District. Officer Mendez observed a white Honda Accord with Virginia tags traveling northbound in the 2000 block of 11th Street Northwest with heavily tinted side windows. Officer Mendez initiated a traffic stop based on a suspected traffic offense for excessively tinted windows. The white Honda did not immediately come to a stop, and Officer Mendez observed the driver of the car make a sideways movement between the driver and passenger seat. Officer Mendez also saw the driver of the white Honda appear to duck down and forward, consistent with reaching down and forward.

Eventually, the white Honda did come to a complete stop. Officer Mendez approached the car and observed that the driver, later identified as the Defendant HORACE CLARK, was the sole occupant of the vehicle. When Officer Mendez first reached the window, the driver was leaning forward with his hands forward. Officer Mendez explained that the traffic stop was for the window tint on the vehicle and requested the Defendant's license and registration. The Defendant produced a Virginia driver's license in his name. As the Defendant produced paperwork, Officer Mendez asked if there was anything in the car that he should know about. The defendant responded, "weed," and lifted a container into view. Officer Mendez asked, "Besides weed?" The defendant gave an inaudible response. Officer Mendez then asked, "Do you have a firearm in the vehicle?" The Defendant responded, "Yes, sir."

Officer Mendez asked if the Defendant, "Do you have your concealed carry with you?" The Defendant responded, "No, sir." Officer Mendez asked, "Do you have any concealed carry?" The Defendant again responded, "No, sir."

Officer Mendez asked the Defendant where the firearm was, and he gestured toward the rear of the car and responded, "in the bag."

Officer Mendez asked the Defendant to step out of the vehicle and directed him toward the rear of the car. While standing at the rear of the car, the Defendant told Officer Mendez that the firearm was not his. He told Officer Mendez that someone had left it in his car.

Officer Mendez searched the car and located a firearm in a satchel-style bag on the front passenger seat of the white Honda, that was within reach of the driver's seat. A still image from the body-worn camera footage depicting the discovery of the firearm is below:



The firearm was a Taurus G3C 9 mm handgun bearing serial number ADA896823 equipped with a 10-round capacity magazine. There was one round of ammunition in the chamber, and an additional eight rounds of ammunition in the magazine.

A check of law enforcement databases indicated that the white Honda was registered to the Defendant.

Officer Mendez used his tint meter to conduct a tint inspection on the driver's side window, as depicted in the still image taken from his body-worn camera footage below:



The test of the driver's window indicated revealed a visible light transference of 15%, which is a visible light transference less than the 50% visible light transference required by Virigina tint laws. Officer Mendez issued NOI 758 Violation of Tinted Window Regulations #291889426 to the Defendant.

On the date the Defendant possessed the firearm and ammunition in this case, the Defendant was aware that he had been previously convicted of a crime that was punishable by imprisonment for a term exceeding one year. A search of the Virginia Judiciary's Online Case Information System revealed that, at the time of his arrest, the Defendant had previously pleaded guilty to Manslaughter: Voluntary in violation of Virginia Code § 18.2-35 on June 12, 2023, in Prince William Circuit Court in Virginia, in case number CR21002010-00. On June 16, 2023, the Defendant was sentenced to 10 years of imprisonment with 10 years suspended. Accordingly, he

would have known that the conviction was for a crime punishable by imprisonment for a term exceeding one year.

There are no firearm or ammunition manufacturers in the District of Columbia, so the firearm and ammunition must have traveled in interstate or foreign commerce at some point previously.

Based on the facts contained in this affidavit, there is probable cause to believe the following: On or about March 20, 2026, in the District of Columbia, the defendant, HORACE CLARK, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Officer Christopher Mendez
Metropolitan Police Department

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on March 30, 2026.

_____
THE HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE